**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | |
| | § | |
| **NEW LUXURY MOTORS, LLC,** | § | **CASE NO. 10-30835** |
| | § | |
| **NEW LUXURY IP, LLC,** | § | **CASE NO. 10-30836** |
| | § | |
| **LUXURY MOTORS LAS VEGAS, LLC,** | § | **CASE NO. 10-30837** |
| | § | |
| **NEW LUXURY MOTORS II, LLC,** | § | **CASE NO. 10-30838** |
| | § | |
| **BAY MOTORS, LLC** | § | **CASE NO. 10-30839** |
| | § | |
| **Debtors.** | § | |
| | § | **JOINT ADMINISTRATION** |
| | § | **REQUESTED** |

**DEBTORS' EMERGENCY MOTION FOR ORDER**
**DIRECTING JOINT ADMINISTRATION OF CASES**

**\*\*EXPEDITED CONSIDERATION BEING REQUESTED\*\***

**THIS MOTION SEEKS AN ORDER THAT MAY ADVERSELY AFFECT YOU.  IF YOU OPPOSE THE MOTION, YOU SHOULD IMMEDIATELY CONTACT THE MOVING PARTY TO RESOLVE THE DISPUTE.  IF YOU AND THE MOVING PARTY CANNOT AGREE, YOU MUST FILE A RESPONSE AND SEND A COPY TO THE MOVING PARTY.  YOU MUST FILE AND SERVE YOUR RESPONSE WITHIN TWENTY-ONE (21) DAYS OF THE DATE THIS WAS SERVED ON YOU.  YOUR RESPONSE MUST STATE WHY THE MOTION SHOULD NOT BE GRANTED.  IF YOU DO NOT FILE A TIMELY RESPONSE, THE RELIEF MAY BE GRANTED WITHOUT FURTHER NOTICE TO YOU.  IF YOU OPPOSE THE MOTION AND HAVE NOT REACHED AN AGREEMENT, YOU MUST ATTEND THE HEARING. UNLESS THE PARTIES AGREE OTHERWISE, THE COURT MAY CONSIDER EVIDENCE AT THE HEARING AND MAY DECIDE THE MOTION AT THE HEARING.**

**REPRESENTED PARTIES SHOULD ACT THROUGH THEIR ATTORNEY.**

THE HONORABLE UNITED STATES BANKRUPTCY JUDGE:

Luxury Motors Las Vegas, LLC ("Las Vegas") files this *Motion for Order Directing Joint Administration of Cases*, and would respectfully show as follows:

## RELIEF REQUESTED

1.     Las Vegas requests that the chapter 11 bankruptcy cases filed by its affiliates be jointly administered with New Luxury Motors, LLC's ("NLM") case, case number 10-30835.

## JURISDICTION

2.     This Court has jurisdiction over this Motion pursuant to 28 U.S.C. § 1334.  This Court may hear and determine this Motion under the standing order of reference issued by the United States District Court for the Southern District of Texas under 28 U.S.C. § 157. Consideration of this Motion is a core proceeding under 28 U.S.C. § 157(b).  Venue of this proceeding is proper in this district under 28 U.S.C. §§ 1408 and 1409.

## BACKGROUND

3.     On the date hereof, NLM filed its voluntary petition for relief under chapter 11 of title 11 of the United States Code (the "Bankruptcy Code") in this Court.

4.     On the date hereof, the following affiliates (collectively "Affiliates" and together with NLM, the "Debtors") of NLM also filed their voluntary petitions:

| Affiliates | Case No. |
|---|---|
| *New Luxury IP, LLC* ("IP") | 10-30836 |
| *Luxury Motors Las Vegas, LLC* ("Las Vegas") | 10-30837 |
| *New Luxury Motors II, LLC* ("Chicago") | 10-30838 |
| *Bay Motors, LLC* ("Oakland") | 10-30839 |

5.     The Debtors remain in possession of their property and are operating their businesses as debtors-in-possession, pursuant to sections 1107 and 1108 of the Bankruptcy Code. No committee has been appointed in any of the Debtors' cases at this time.

6.     NLM is a limited liability company that owns and/or operates the following affiliates:  IP, Las Vegas, Chicago and Oakland.  Collectively, the Debtors sell pre-owned luxury vehicles online and are one of the largest online dealers of pre-owned luxury vehicles.  IP owns the intellectual property used by Las Vegas, Chicago and Oakland to sell pre-owned luxury vehicles online.  In additional to online sales, Las Vegas has a physical dealership in Las Vegas, Nevada; Chicago has a physical dealership located in Chicago, Illinois; and Oakland has a physical dealership in Oakland, California.   Oakland also sells vehicles under an Infiniti franchise. Kevin Whelan is a manager of NLM and each above-described affiliate and operates the Debtors from Houston, Texas.

## NEED FOR BANKRUPTCY PROTECTION

7.     The Debtors' floor plan lender, GMAC, terminated the Debtors' floor plan.  The Debtors have been unable to obtain a new floor plan lender causing illiquidity.   Thus, the Debtors must reorganize under the Bankruptcy Code for the benefit of all their creditors and stakeholders.   In addition, the recession, downturn in the automotive market, and increased demand for curtailments and interest payments from GMAC have contributed to the Debtors' need for bankruptcy protection.

## BASIS FOR RELIEF REQUESTED

8.     The Debtors request that the above-referenced chapter 11 cases be ordered consolidated for procedural purposes only, with NLM as the lead debtor, and be jointly administered by the Court.

9.     The Debtors seek joint administration of their chapter 11 cases for procedural purposes only pursuant to FED. R. BANKR. P. 1015(b) which states in relevant part:  "If a joint petition or two or more petitions are pending in the same court by or against . . . a debtor and an

affiliate, the court may order a joint administration of the estates."  Accordingly, this Court may grant the relief requested.

10.     Entry of an order directing joint administration of these cases will eliminate the need for duplicative notices, applications, and orders thereby saving considerable time and expense for the Debtors and their estates.

11.     The rights of the respective creditors of the Debtors will not be adversely affected by the proposed joint administration of these cases because each creditor may still file its claim against a particular estate.  In fact, the rights of all creditors will be enhanced by the reduction in costs resulting from joint administration.  The Court will also be relieved of the burden of entering duplicative orders and maintaining duplicative files.  Finally supervision of the administrative aspects of these chapter 11 cases by the United States Trustee will be simplified.

12.     Based on the foregoing, the Debtors contend that the interests of the Debtors, their creditors, and their equity security holders will best be served by the joint administration of the above-referenced chapter 11 cases.  The Debtors request that the caption of the jointly administered cases read as follows:

**UNITED STATES BANKRUPTCY COURT**
**SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| **IN RE:** | § | **Case No. 10-30835** |
| | § | |
| **NEW LUXURY MOTORS, LLC** *et al.*, | § | **Chapter 11** |
| | § | |
| **Debtors.** | § | **(Jointly Administered)** |

13.     The Debtors request that the Court permit one disclosure statement and plan of reorganization be filed for all the cases by any plan proponent.

14.     The Debtors request that parties be permitted to request joint hearings on matters pending in any of the jointly administered cases.

15.     The Debtors request that the order on this Motion provide that nothing contained in the Order be deemed or construed as directing or otherwise effecting a substantive consolidation of the above-referenced cases.

WHEREFORE, the Debtors respectfully request that the Court enter an order, substantially in the form attached hereto, directing the joint administration of these chapter 11 cases for administrative purposes only and grant such other and further relief, legal or equitable, special or general to which the Debtors may show themselves justly entitled.

Respectfully submitted,

**HughesWattersAskanase, LLP**

    /s/   Wayne   Kitchens
Wayne Kitchens       TBN 11541110
wkitchens@hwa.com
Heather McIntyre       TBN 24041076
hmcintyre@hwa.com
333 Clay Street, 29th Floor
Houston, Texas 77002
Tel: 713.759.0818
Fax: 713.759.6834
PROPOSED COUNSEL FOR DEBTORS